UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENNY RAY BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 19-1721 (RJL) |
| | ) |
| ALEX M. AZAR, II, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

(July __21st__, 2020) [Dkt. # 12]

Plaintiff Benny Ray Bailey ("plaintiff" or "Bailey") brings suit against Alex M. Azar, II, in his official capacity as Secretary for the United States Department of Health and Human Services, ("the Secretary"), and Joanne M. Chiedi, in her official capacity as Acting Inspector General for the United States Department of Health and Human Services, ("the IG"), seeking judicial review of the Secretary's final determination excluding plaintiff from participating for five years in all federal healthcare programs because of his prior conviction of conspiracy to commit money laundering, which related to his work at a pain management clinic. Before this Court is the Secretary's and the IG's (collectively, "defendants") motion to dismiss for improper venue. *See* Defs.' Mot. to Dismiss [Dkt. # 12] ("Defs.' Mot."). For the following reasons, defendants' motion to dismiss is **GRANTED**, and, in the interest of justice, this matter is **TRANSFERRED** to the United States District Court for the Eastern District of Kentucky.

1

## BACKGROUND

### I. Procedural History

In 2016, plaintiff was the office manager of Clarion Health and Wellness, LLC ("Clarion"), a pain management clinic in Hazard, Kentucky. Compl. ¶¶ 14-15 [Dkt. # 1]. On September twelfth of that year, the United States District Court for the Eastern District of Kentucky entered a judgment of conviction against plaintiff for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956. *Id.* ¶ 19. On April 20, 2018, the Secretary notified plaintiff that, due to that conviction, he would be excluded from participating in Medicare, Medicaid, and all other federal health care programs for the minimum period of five years under 42 U.S.C. § 1320a-7(a). *Id.* ¶¶ 35-37, 64, 68. Not surprisingly, plaintiff appealed. *Id.* ¶ 72.

An Administrative Law Judge ("ALJ") upheld the Secretary's five-year exclusion, and on December 17, 2018, he appealed the ALJ's final determination to the Department of Health and Human Services' Departmental Appeals Board ("the Board"). *Id.* ¶¶ 86, 89. The Board issued a final determination upholding the Secretary's decision four months later. *Id.* ¶ 92.

Undaunted, plaintiff filed this action, seeking judicial review of the Board's final determination by raising various claims under the Social Security Act ("the Act"), the Administrative Procedure Act ("the APA"), and the Fifth Amendment. *Id.* ¶¶ 94-147. He contends that his suit was properly brought before this Court under 28 U.S.C. § 1391(e),[1]

---

[1] Plaintiff cites to both §§ 1391(b)(2) and 1391(e)(2) in his complaint but references the language of § 1391(e)(1). Compl. ¶ 12. Plaintiff's briefing makes clear that he asserts

2

which generally confers venue where defendant resides or where "a substantial part of the events or omissions giving rise to the claim occurred" in a "civil action in which a defendant is an officer or employee of the United States or any agency thereof." *Id.* ¶ 12 (citing 28 U.S.C. § 1391).

On September 19, 2019, defendants filed a motion to dismiss for improper venue. *See* Defs.' Mot. That motion is now ripe for my review.

**II.  Statutory Scheme**

Under 42 U.S.C. § 1320a-7(a), the Secretary of Health and Human Services is *required* to exclude any individual from participation in Medicare, Medicaid, and all federal health care programs who is convicted of a felony related to a health care fraud, including felonies consisting of fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct related to delivery of a healthcare item or service. 42 U.S.C. § 1320a-7(a)(3).

An individual excluded under § 1320a-7(a) may challenge that exclusion in several ways. He may request a hearing before an ALJ to challenge the basis of the sanction or the length of exclusion. 42 C.F.R. § 1001.2007(a)(1). Should the ALJ affirm the Secretary's determination, he may then appeal the ALJ's decision to the Appellate Division of the Board. 42 C.F.R. § 1005.21(a). And, should that appeal prove unsuccessful, the excluded individual may seek "judicial review of the Secretary's final decision." 42 U.S.C. § 1320a-7(f)(1).

---

proper venue under § 1391(e). Pl.'s Opp'n to Defs.' Mot. to Dismiss [Dkt. # 14] ("Pl.'s Opp'n") at 6.

Section 1320a-7 incorporates the venue and jurisdiction requirements of 42 U.S.C. §§ 405(g) and (h) into judicial review of the Secretary's final decision. 42 U.S.C. § 1320a-7(f)(1) (providing for judicial review "as is provided in section 405(g)"); *id.* § 1320a-7(f)(3) ("The provisions of [42 U.S.C. § 405(h)] shall apply with respect to this section ...."). Section 405(h) provides, in relevant part:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 [federal question jurisdiction] or 1346 [jurisdiction where the United States is a defendant] of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). Section 405(g) provides that judicial review of the final determination "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business." *Id.* § 405(g).

## ANALYSIS

### I. Standard of Review

"The Federal Rules provide that a court will dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum." *Corbett v. Jennifer*, 888 F. Supp. 2d 42, 44 (D.D.C. 2012) (citing Fed. R. Civ. P. 12(b)(3)); *see also* 28 U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

"To prevail on a motion to dismiss for improper venue, ... the defendant must present facts that will defeat the plaintiff's assertion of venue." *Ananiev v. Wells Fargo Bank, N.A.*,

4

968 F. Supp. 2d 123, 129 (D.D.C. 2013) (internal citation omitted). But it is ultimately plaintiff's burden to establish proper venue. *Myers v. Holiday Inns, Inc.*, 915 F. Supp. 2d 136, 144 (D.D.C. 2013). "In assessing a motion for improper venue, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor." *Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 405 (D.D.C. 2017) (citation omitted). But the Court "need not accept the plaintiff's legal conclusions as true." *Id.* at 406.

## II. Plaintiff Failed to Allege Proper Venue in the United States District Court for the District of Columbia.

Defendants argue that § 405(g) is the sole avenue for plaintiff's challenge to the Secretary's final determination, and venue is improper because plaintiff failed to allege any facts establishing his residence in the District of Columbia as required by § 405(g). Defs.' Mot. at 13-14. Plaintiff counters that § 405(g) is *not* the sole avenue for plaintiff's challenge, and that his APA claim permits proper venue for his case in the District of Columbia because it is brought against officers of an agency of the United States where a substantial part of the events or omission giving rise to the claim occurred and where the defendants reside. Pl.'s Opp'n at 6 (citing 28 U.S.C. § 1391). Unfortunately for Bailey, he is wrong!

First, 42 U.S.C. § 1320a-7(f)(1) specifically provides § 405(g) as the source of venue for a challenge to the Secretary's final determination. 42 U.S.C. § 1320a-7(f)(1). Section 405(g), of course, requires that judicial review "be brought in the district court of

5

the United States for the judicial district in which the plaintiff resides, or has his principal place of business." 42 U.S.C. § 405(g). Bailey's complaint does not allege any facts that—if taken as true—establish that plaintiff resides (or has a principal place of business) in the District of Columbia, as required by § 405(g).[2] Therefore, Bailey has failed to establish that venue is proper in the District of Columbia.

Second, plaintiff cannot do an end run around § 405(g)'s venue requirement by asserting an APA claim because any APA claim concerning the Board's exclusion determination would arise under the Act, which, in turn, would subject it to § 405(g)'s venue requirement. In addition, § 1320a-7(f)(3) incorporates § 405(h) into an excluded individual's challenge to the Secretary's final determination. 42 U.S.C. § 1320a-7(f)(3) ("The provisions of section 405(h) of this title shall apply with respect to this section ...."). Section 405(h), in turn, contains two provisions that establish that § 405(g) is the exclusive avenue for judicial review of all claims "arising under" the Social Security Act. 42 U.S.C. § 405(h). The first provision states, "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any ... tribunal[] ... except as herein provided." 42 U.S.C. § 405(h). The second provision "provides that § 405(g), to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for *all 'claim[s] arising under'* the [] Act." *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984) (emphasis added);[3] *see also* 42

---

[2] Section 405(g) also allows for proper venue in the District of Columbia when the plaintiff "does not reside or have his principal place of business within any such judicial district." 42 U.S.C. § 405(g). Plaintiff's complaint makes no such allegation, nor has plaintiff argued that venue is proper under that provision.

[3] The fact that *Ringer* concerned the Medicare Act and not § 1320a-7 is irrelevant. Section § 405(h) is applicable to judicial review of claims arising under the Medicare Act, *see* 42

U.S.C. § 405(h) ("No action against ... the Commissioner of Social Security, or any officer or employee thereof shall be brought under [28 U.S.C. §§ 1331, 1346] to recover *on any claim arising under this subchapter*.") (emphasis added).

Moreover, the "arising under" language of § 405(h) is construed "quite broadly to include any claims in which 'both the standing and the substantive basis for the presentation' of the claims is the Social Security Act." *Ringer*, 466 U.S. at 615 (quoting *Weinberger v. Salfi*, 422 U.S. 749, 761 (1975)). Here, there is no doubt that Bailey's APA claim arises under the Social Security Act. *See* Compl. ¶ 119 (alleging that defendants "enforc[ed] the *Social Security Act* in a manner that is contrary to law, arbitrary and capricious, an abuse of discretion, or unsupported by substantial evidence") (emphasis added); *id.* ¶ 120 ("The Secretary's interpretation and application of the statute in this proceeding [i.e. § 1320a-7 of the Act] is inconsistent with past interpretations ...."); *see also Ringer*, 466 U.S. at 622-24 (rejecting an argument that the district court had jurisdiction under § 1331 of a plaintiff's APA claim because that claim arose under the Medicare Act, not the APA). "And when § 405(g) provides jurisdiction, *there is no basis for ignoring that provision's specific venue requirement*." *Michener v. Saul*, No. CV 18-1657 (RC), 2019 WL 3238582, at *3 (D.D.C. July 18, 2019) (emphasis added).

Bailey's arguments to the contrary are simply without merit. He contends that the APA provides an alternative venue provision, pointing to our Circuit Court's decision in *Friedman v. Sebelius*, 686 F.3d 813 (D.C. Cir. 2012). Pl.'s Opp'n at 6-7. But that case

---

U.S.C. § 1395ii, just as § 405(h) is applicable to judicial review of claims arising under the Secretary's exclusion determinations, *see* 42 U.S.C. § 1320a-7(f)(3).

does *not* advance his position. Indeed, the court in *Friedman* determined that § 405(g) only spoke to review of findings of fact for substantial evidence, and under Supreme Court precedent concerning "virtually identical" language, the arbitrary and capricious standard of the APA was incorporated into § 405(g). *Id.* at 826-27. It did not, as plaintiff contends, hold that the APA offers an alternative venue provision to § 405(g). And, moreover, venue was not even challenged in *Friedman*, and, as a result, the decision is silent on that issue. Plaintiff's alchemist-like attempt to transform that silence into approval is, to say the least, unconvincing.[4]

Thus, having concluded that plaintiff's APA claim arises under the Social Security Act, § 405(h) mandates that the venue requirement of § 405(g) applies. And having failed to allege any facts that would establish that he resides in the District of Columbia, Bailey has failed to establish that venue is proper in this Court.

### III. The Appropriate Remedy is to Transfer this Matter to the United States District Court for the Eastern District of Kentucky.

In the absence of venue, I must still determine whether to dismiss the complaint or transfer it to the appropriate district court. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it

---

[4] Plaintiff's final argument that the Court should not read § 405(g) "too literally" is also without merit. *See* Pl.'s Opp'n at 9-11. The cases cited by plaintiff were cases in which there were multiple plaintiffs, at least one of whom did not reside in the district in which the suit was brought. *Fournier v. Johnson,* 677 F. Supp. 2d 1172, 1174 (D. Ariz. 2009) (holding that venue is proper under § 405(g) "for all plaintiffs so long as it is proper for at least one plaintiff"); *Webber v. Norwalk,* No. 05-4219, 2007 U.S. Dist. LEXIS 102514, at *30 (D. Ariz. 2007) (same). That is not the case here.

could have been brought."). "The decision whether a transfer or a dismissal is in the interest of justice ... rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Not surprisingly, a transfer of a case is generally favored over a dismissal. *Murdoch v. Rosenberg & Assocs., LLC*, 875 F. Supp. 2d 6, 11 (D.D.C. 2012) (citation omitted). But dismissal may be appropriate where plaintiff's claims have "obvious substantive problems." *Lemon v. Kramer*, 270 F. Supp. 3d 125, 140 (D.D.C. 2017) (citation omitted); *see also Buchanan v. Manley*, 145 F.3d 386, 389 n.6 (D.C. Cir. 1998) (finding no abuse of discretion where district court dismissed claims rather than transferring in light of "substantive problems" with the claims).

Seeing no substantive issues here with plaintiff's complaint (apart, of course, from the venue issue discussed above), I find that it is in the interest of justice to transfer this case to the appropriate venue.

Under § 405(g), plaintiff must bring his claim in the "judicial district in which the plaintiff resides." 42 U.S.C. § 405(g). Plaintiff alleges that he worked for Clarion in Hazard, Kentucky, Compl. ¶ 14, and plaintiff used an address in Hindman, Kentucky for his appeal to the Board, (AR 27). Further, plaintiff did not contest defendants' argument that—if this matter is transferred—it should be transferred to the Eastern District of Kentucky. *See* Defs.' Mot. at 14. Consequently, I find that it is in the interest of justice that this matter be transferred to the United States District Court for the Eastern District of Kentucky.

9

## CONCLUSION

For all of the foregoing reasons, defendants' motion to dismiss [Dkt. # 12] is **GRANTED**, and this matter is **TRANSFERRED** to the United States District Court for the Eastern District of Kentucky. An order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge